UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| DEVELOPING EQUITIES GROUP LLC ) | Case No. 10-39617-SBB |
| EIN: 84-1403314 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

MOTION TO APPROVE COMPROMISE AND SETTLEMENT AGREEMENT WITH STRATUS NORTH CREEK, LLC, REX WEIMER, JEFFREY L. KIRKENDALL AND VNC DEVCO, INC.

DEVELOPING EQUITIES GROUP LLC, Debtor in Possession herein (the "Debtor"), through its undersigned counsel, hereby submits this Motion to Approve Compromise and Settlement Agreement with Stratus North Creek, LLC ("Stratus"), Rex Weimer ("Mr. Weimer"), Jeffrey L. Kirkendall ("Mr. Kirkendall"), and VNC Devco, Inc. ("VNC"), and in support thereof states as follows:

Background

1. Since 2005, the Debtor owned certain real property and improvements located in Adams County, Colorado commonly known as 42.753 gross acres of vacant land located at the southeast corner of East 168th Avenue and Highway 7, Thornton, Colorado 80602 (the "Thornton Property").

2. Until October 22, 2010, the Debtor was the owner certain real property and improvements located in Grand County, Colorado described as 1.54 acre tract of vacant land located on the east side of U.S. Highway 40 in Fraser, Colorado 80442 (the "Fraser Property").

3. On December 27, 2005, the Debtor as borrower obtained Loan No. 95000097 from Colorado Capital Bank ("CCB") in the original principal amount of $500,000. Through a series of Change in Terms Agreements between the Debtor and CCB, the principal amount of the loan was increased to $2,120,000 and the due date was extended to September 27, 2009. The Debtor executed and delivered to CCB a Promissory Note dated December 27, 2005. Mr. Kirkendall guaranteed the above loan obligations to CCB pursuant to a Guaranty Agreement dated December 27, 2005 that is the subject of a Business Loan Agreement of the same date. To secure the Promissory Note of December 27, 2005, the Debtor executed a Deed of Trust in favor of CCB dated December 27, 2005 against the Thornton Property which was recorded on December 30, 2005 at Reception #20051230001433870 in the real property records of Adams County, Colorado.

4. To further secure the Promissory Note of December 27, 2005, the Debtor executed a Deed of Trust in favor of CCB dated December 27, 2005 against the Fraser Property which was

recorded in the real property records of Grand County, Colorado. On July 13, 2006, the Debtor as borrower also obtained Loan No. 85000297 from CCB in the original principal amount of $607,093.00, and the Debtor executed and delivered to CCB a Promissory Note dated July 13, 2006, which was subsequently modified pursuant to a series of Change in Terms Agreements. Loan No. 85000297 was secured by a first priority deed of trust against the Fraser Property and a second priority deed of trust on the Thornton Property. To secure the Promissory Note of July 13, 2006, the Debtor executed a second Deed of Trust in favor of CCB dated July 13, 2006 against the Thornton Property which was recorded in the real property records of Adams County, Colorado. Mr. Kirkendall guaranteed the above Loan No. 85000297 obligations to CCB pursuant to a Guaranty Agreement dated July 13, 2006 that is the subject of a Business Loan Agreement of the same date.

5. On or about February 10, 2010, Stratus purchased the above described loans (collectively, the "Loans") from CCB for a total purchase price of $2,723,103.39. Stratus paid $50,000.00 of the purchase price to CCB in cash, and payment of the balance in the amount of $2,673,103.39 was secured by Stratus' promissory note to CCB. Stratus and CCB entered into the following documents in connection with the sale of the Loans: (i) a Note Purchase Agreement dated January 28, 2010; (ii) the Promissory Note dated February 12, 2010 for loan number 850001137 in favor of CCB in the original principal amount of $2,673,103.39 accruing at an initial interest rate of 6% per annum; and (iii) the Addendum to Promissory Note dated February 12, 2010 (collectively referred to hereinafter as the "CCB-Stratus Loan"). The CCB-Stratus Loan is secured by the Loans (and CCB is holding the original documentation pertaining to the Loans for collateral purposes), and a first priority deed of trust on the Fraser Property.

6. On October 22, 2010, the Grand County Public Trustee held the foreclosure sale of the Fraser Property as a result of the Debtor's default under Loan No. 85000297. Stratus is the current owner of the Fraser Property by virtue of the foreclosure sale.

7. The Debtor listed its potential claim against CCB and its potential claim against Stratus as assets of the estate, in connection with Stratus' deficiency bid on the Fraser Property and the conduct of both Stratus and CCB in connection with the above described loans. *See* Schedule B (Docket No. 1), and Amended Schedule B (Docket No. 38). Mr. Kirkendall is the co-owner of those claims.

8. With respect to Stratus, the Debtor and Mr. Kirkendall assert that Stratus' conduct in investigating and purchasing the Loans, and its bid at the Fraser Property foreclosure sale were improper and damaged the Debtor and Mr. Kirkendall (collectively, the "Stratus Lender Liability Claims"). Stratus denies the Stratus Lender Liability Claims.

9. A foreclosure sale of the Thornton Property was scheduled for November 24, 2010.

Procedural History

10. On November 23, 2010, the Debtor filed its petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and is operating as a debtor-in-possession.

11. On March 23, 2011, the Debtor filed its Application to Employ Fuller Western Real Estate as Listing Agent/Broker for the Debtor (the "Application to Employ Fuller") (Docket No. 74). Stratus filed its Objection to the Debtor's Application to Employ Fuller on April 13, 2011 (Docket No. 82).

12. On May 23, 2011, the Debtor filed its Plan of Reorganization and Disclosure Statement for the Plan of Reorganization (Docket Nos. 98 and 99). Stratus filed its Objection to the Adequacy of the Disclosure Statement on July 8, 2011 (Docket No. 118).

13. On May 24, 2011, the Debtor filed its Second Motion to Extend the 180 Day Exclusive Period Within Which to Obtain Acceptance of the Debtor's Plan of Reorganization (Docket #100). Stratus filed its Objection to the Second Motion to Extend the Exclusivity Period on June 7, 2011 (Docket #109).

14. The Court entered a Minute Order on July 21, 2011 extending the 180 day exclusive period within which to obtain acceptance of the Debtor's Plan of Reorganization up to and including August 17, 2011 (Docket No. 128).

15. On June 22, 2011, Stratus filed its Motion for Relief from Stay (Docket No. 115). The Debtor filed its Response to the Motion for Relief from Stay on July 12, 2011 (Docket No. 119).

16. On June 25, 2011, Stratus commenced a civil action against Mr. Kirkendall only, styled *Stratus North Creek, LLC v. Jeffrey L. Kirkendall*, Case No. 11CV1186 (the "Kirkendall Litigation") in the District Court for the District of Arapahoe County, Colorado in order to enforce his personal guarantees of the Loans. The Debtor previously advised the Court and Stratus that both the Debtor and Mr. Kirkendall intend to assert the Stratus Lender Liability Claims against Stratus in the Kirkendall Litigation.

17. The Court held a preliminary hearing on Stratus' Motion for Relief from Stay on July 19, 2011 and July 20, 2011. The Court also held a preliminary hearing on the remaining pleadings and objections on July 20, 2011.

18. On August 9, 2011, the Debtor and Stratus filed their Stipulated Motion to (1) vacate and reset the final hearing currently scheduled for August 17, 2011, and (2) vacate and reset all pending deadlines in connection with the final hearing (Docket No. 139). On August 11, 2011, the Court entered its Order Granting the Stipulated Motion, scheduling the final evidentiary hearing for October 5, 2011, at 9:00 a.m. regarding the above pending matters, and extending the 180 day exclusive period within which to obtain acceptance of the Debtor's Plan of Reorganization up to and including October 5, 2011.

19. On September 30, 2011, the Debtor and Stratus filed their Second Stipulated Motion to (1) vacate and reset the final hearing currently scheduled for October 5, 2011, and (2) vacate and reset all pending deadlines in connection with the final hearing (Docket No. 157). The Second Stipulated Motion is pending before the Court.

Motion to Compromise Controversy and Approve Settlement Agreement

20. The Debtor was formed in April of 1997 by Mr. Kirkendall.

21. Mr. Kirkendall has served as the manager of the Debtor since its formation, and holds an 85% equity ownership interest in the Debtor.

22. VNC Devco, Inc. ("VNC") is an S-Corporation formed in 2009 under the advice of the Debtor's accountant to lock in capital gains in connection with the Thornton Property. Mr. Kirkendall has served as the manager VNC since its formation.

23. Mr. Weimer is the sole owner and Member of Stratus.

24. Stratus is a creditor of the Debtor. Status' sole assets are the Fraser Property, the loans and a prepaid interest reserve being held by CCB (or its successor as a result of FDIC closure of CCB) in connection with the CCB-Stratus Loan. Stratus' sole liabilities are real estate taxes with respect to the Fraser Property and the CCB-Stratus Loan. The amount of the past due 2010 real property taxes is approximately $40,436.55.

25. After negotiation, the Debtor, Stratus, Mr. Weimer, Mr. Kirkendall and VNC have reached an agreement resolving all controversies between the parties to settle all claims by and between these parties by VNC's purchase of Stratus from Weimer at the price and on the terms and conditions set forth in the written agreement, and any and all allegations that were made or that could have been made in connection with the same, without any of the parties admitting to any liability or fault in any way by any party. A copy of the Settlement Agreement between the Debtor, Stratus, Mr. Weimer, Mr. Kirkendall and VNC dated September 29, 2011 (the "Settlement Agreement") is attached hereto as Exhibit 1, and provides in pertinent part as follows:

   A. The Settlement Agreement is conditioned upon Bankruptcy Court approval of the Settlement Agreement.

   B. Within three (3) business days after the entry of an order approving the Settlement Agreement (the "Closing Date"), VNC agrees to purchase from Mr. Weimer 100% of the issued and outstanding membership interests in Stratus and any claims Mr. Weimer has against Stratus (collectively, the "Membership Interests") for the total purchase price of $685,000.00 (the "Purchase Price"), payable in good funds on the Closing Date. The Debtor, Mr. Kirkendall and/or VNC may extend the Closing Date upon written notice under the terms of the Settlement Agreement.

   C. The Settlement Agreement provides for a full and complete settlement of any and all claims and controversies between the parties that relate to or arise out of the pending Debtor's Application to Employ Fuller and Stratus' objection thereto, the Debtor's Plan of Reorganization and Disclosure Statement for the Plan of Reorganization and Stratus' objection thereto, the Debtor's Motion to Extend the 180 Day Exclusive Period and Stratus' objection thereto, Stratus' Motion for Relief from Stay and the Debtor's objection thereto, the Stratus Lender Liability Claims and the Kirkendall Litigation.

D.      Upon Court approval of the Settlement Agreement, the Debtor, Mr. Kirkendall and VNC shall fully release and forever discharge any and all claims against Stratus and Mr. Weimer, including but not limited to the Stratus Lender Liability Claims. The Debtor, Mr. Kirkendall and/or VNC do not release any claims that arise by virtue of Stratus' and/or Mr. Weimer's promises, covenants and undertakings pursuant to the terms of the Settlement Agreement.  Further, the Debtor, Mr. Kirkendall and/or VNC do not release any potential claims they may have against CCB.

E.      Upon Court approval of the Settlement Agreement, Stratus and Weimer shall fully release and forever discharge any and all claims against the Debtor, Mr. Kirkendall and VNC.  Stratus and Mr. Weimer do not release any claims that arise by virtue of the Debtor's, Mr. Kirkendall's and/or VNC's promises, covenants and undertakings pursuant to the terms of the Settlement Agreement.

F.      After Bankruptcy Court approval of the Settlement Agreement, at closing, the Stratus and Mr. Weimer shall tender a Stipulation to Dismiss the Kirkendall Litigation with Prejudice, and a Notice Withdrawing Stratus' pending Motion for Relief from Stay and any filed objections pending in the Debtor's bankruptcy case.  In addition, within seven (7) days after the Closing Date, Stratus shall file the Stipulation to Dismiss the pending Kirkendall Litigation with Prejudice with the District Court for the District of Arapahoe County, Colorado, and file the Notice Withdrawing Stratus' pending Motion for Relief from Stay and any filed objections pending in the Debtor's bankruptcy case.

G.      VNC and the other Developing Equities Parties acknowledge and agree that after Bankruptcy Court approval of the Settlement Agreement, on the Closing Date, VNC will cause Stratus to pay the CCB-Stratus Loan according to its terms or on such other terms as Stratus and CCB (or its successor) may agree or on such other terms as may be imposed by the Debtor's Plan of Reorganization.

26.     The above description represents a summary of the Settlement Agreement entered into between the parties.  Parties should refer to the Settlement Agreement for a complete understanding of the terms and conditions of the Settlement Agreement.  Any inconsistency between the Settlement Agreement and the summary provided herein shall be resolved by reference to the terms of the Settlement Agreement.

27.     The Debtor asserts that the Settlement Agreement on the terms and conditions set forth in the Settlement Agreement is in the best interests of the estate because the settlement will resolve all disputes and issues between the Debtor and Stratus with respect to the pending pleadings before this Court, the Stratus Lender Liability Claims and the Kirkendall Litigation without the uncertainty, risks and costs of litigation, and clears the way for submitting an amended plan of reorganization for confirmation.  "Sound public policy encourages the voluntary settlement of disputes."  *In re Wilcox*, 439 B.R. 428, 432 (Bankr. D. Colo. 2010) (citations omitted). The Debtor anticipates filing an amended plan of reorganization to address future payments to Stratus and CCB under the terms of the CCB-Stratus Note, following approval of the Settlement Agreement between the parties.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting this Motion and approving the Settlement Agreement with Stratus, Mr. Weimer, Mr. Kirkendall and VNC on the terms therein, and grant such other and further relief as the Court deems just.

DATED this 3rd day of October, 2011.

        Respectfully submitted,

        */s/ Matthew T. Faga*
        Harvey Sender, #7546
        Matthew T. Faga, #41132
        1660 Lincoln Street, Suite 2200
        Denver, Colorado 80264
        303-296-1999 / 303-296-7600 FAX
        faga@sendwass.com
        Attorneys for the Debtor-in-Possession