## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of September 29th, 2011 by and between Stratus North Creek, LLC, a Colorado limited liability company ("Stratus") and Rex Weimer ("Weimer"); and Developing Equities Group, LLC, a Colorado limited liability company ("Developing Equities"), Jeffrey L. Kirkendall ("Kirkendall") and VNC Devco, Inc. ("Devco"), a Colorado corporation, each a "Party" and collectively, the "Parties". Stratus and Weimer may be referred to, collectively, as the "Stratus Parties", and Developing Equities, Kirkendall and Devco may be referred to, collectively, as the "Developing Equities Parties".

### RECITALS:

A.  Since 2005, Developing Equities owned certain real property and improvements located in Adams County, Colorado commonly known as 42.753 gross acres of vacant land located at the southeast corner of East 168th Avenue and Highway 7, Thornton, Colorado 80602 (the "Thornton Property").

B.  Until October 22, 2010, Developing Equities was the owner certain real property and improvements located in Grand County, Colorado described as 1.54 acre tract of vacant land located on the east side of U.S. Highway 40 in Fraser, Colorado 80442 (the "Fraser Property").

C.  On December 27, 2005, Developing Equities as borrower obtained Loan No. 95000097 from Colorado Capital Bank ("CCB") in the original principal amount of $500,000. Through a series of Change in Terms Agreements between the Debtor and CCB, the principal amount of the loan was increased to $2,120,000 and the due date was extended to September 27, 2009. Developing Equities executed and delivered to CCB a Promissory Note dated December 27, 2005. Mr. Kirkendall guaranteed the above loan obligations to CCB pursuant to a Guaranty Agreement dated December 27, 2005 that is the subject of a Business Loan Agreement of the same date. To secure the Promissory Note of December 27, 2005, Developing Equities executed a Deed of Trust in favor of CCB dated December 27, 2005 against the Thornton Property which was recorded on December 30, 2005 at Reception #20051230001433870 in the real property records of Adams County, Colorado. Loan No. 95000097 was not paid according to its terms.

D.  To further secure the Promissory Note of December 27, 2005, Developing Equities executed a Deed of Trust in favor of CCB dated December 27, 2005 against the Fraser Property which was recorded in the real property records of Grand County, Colorado. On July 13, 2006, Developing Equities as borrower also obtained Loan No. 85000297 from CCB in the original principal amount of $607,093.00, and Developing Equities executed and delivered to CCB a Promissory Note dated July 13, 2006, which was subsequently modified pursuant to a series of Change in Terms Agreements. Loan No. 85000297 was secured by a first priority deed of trust against the Fraser Property and a second priority deed of trust on the Thornton Property. To secure the Promissory Note of July 13, 2006, Developing Equities executed a second Deed of Trust in favor of CCB dated July 13, 2006 against the Thornton Property which was recorded in the real property records of Adams County, Colorado. Mr. Kirkendall guaranteed the above Loan No. 85000297 obligations to CCB pursuant to a Guaranty Agreement dated July 13, 2006 that is the subject of a Business Loan Agreement of the same date. Loan No. 85000297 was not paid according to its terms.

Exhibit 1

E.  On or about February 10, 2010, Stratus purchased the above described loans (collectively, the "Loans") from CCB for a total purchase price of $2,723,103.39. Stratus paid $50,000.00 of the purchase price to CCB in cash and the balance of $2,673,103.39 was paid by Stratus' promissory note to CCB in this amount. Stratus and CCB entered into the following documents in connection with the sale of the Loans: (i) a Note Purchase Agreement dated January 28, 2010; (ii) the Promissory Note dated February 12, 2010 for loan number 850001137 in favor of CCB in the original principal amount of $2,673,103.39 accruing at an initial interest rate of 6% per annum; and (iii) the Addendum to Promissory Note dated February 12, 2010 (collectively referred to hereinafter as the "CCB-Stratus Loan"). The CCB-Stratus Loan is secured by the Loans (and CCB is holding the original documentation pertaining to the Loans for collateral purposes), and a first priority deed of trust on the Fraser Property.

F.  On October 22, 2010, the Grand County Public Trustee held the foreclosure sale of the Fraser Property as a result of Developing Equities' default under Loan No. 85000297. Stratus is the current owner of the Fraser Property by virtue of the foreclosure sale.

G.  Developing Equities and Kirkendall assert that Stratus' conduct in investigating and purchasing the Loans, and its bid at the Fraser Property foreclosure sale were improper and damaged Developing Equities and Kirkendall (collectively, the "Stratus Lender Liability Claims"). Stratus denies these allegations.

H.  A foreclosure sale of the Thornton Property was scheduled for November 24, 2010. However, on November 23, 2010, Developing Equities filed its petition in Case No. 10-39617-SBB, a Chapter 11 proceeding pending before United States Bankruptcy Court for the District Of Colorado (the "Bankruptcy Case").

I.  In the Bankruptcy Case, on March 23, 2011, Developing Equities filed its Application to Employ Fuller Western Real Estate as Listing Agent/Broker for Developing Equities. Stratus filed its Objection to Developing Equities' Application to Employ Fuller as Listing Agent/Broker for the Debtor on April 13, 2011. On May 23, 2011, Developing Equities filed its Plan of Reorganization and Disclosure Statement for the Plan of Reorganization. Stratus filed its Objection to the Adequacy of the Disclosure Statement on July 8, 2011. On May 24, 2011, Developing Equities filed its Second Motion to Extend the 180 Day Exclusive Period Within Which to Obtain Acceptance of Developing Equities' Plan of Reorganization. Stratus filed its Objection to the Second Motion to Extend the Exclusivity Period on June 7, 2011. On June 22, 2011, Stratus filed its Motion for Relief from Stay. Developing Equities filed its Response to the Motion for Relief from Stay on July 12, 2011. The Bankruptcy Court has reschedule a final; hearing on these pending matters for October 5, 2011, at 9:00 a.m. (the "Final Hearing").

J.  On June 25, 2011, Stratus commenced a civil action against Mr. Kirkendall only, styled *Stratus North Creek, LLC v. Jeffrey L. Kirkendall*, Case No. 11CV1186 (the "Kirkendall Litigation") in the District Court for the District of Arapahoe County, Colorado in order to enforce his personal guarantees of the Loans. Mr. Kirkendall and Developing Equities have advised the Bankruptcy Court and Stratus that they intend to assert the Stratus Lender Liability Claims against Stratus in the Kirkendall Litigation.

K.  Devco is an S-Corporation formed in 2009 under the advice of Developing Equities' accountant to lock in capital gains in connection with the Thornton Property. VNC is owned by the principals of Developing Equities.

L.  In the Bankruptcy Case, Developing Equities obtained copies of all documents incident to the Loans and the CCB-Stratus Loan from CCB and Stratus. Developing Equities made these copies available to Devco.

M.  Status' sole assets are the Fraser Property, the Loans and a prepaid interest reserve being held by CCB (or its successor as a result of FDIC closure of CCB) in connection with the CCB-Stratus Loan. Stratus sole liabilities are real estate taxes with respect to the Fraser Property and the CCB-Stratus Loan. The amount of the past due 2010 real property taxes is approximately $40,436.55.

N.  Weimer is the sole owner and Member of Stratus. Any and all interests in Stratus previously held by Richard Dean have been transferred and assigned to Weimer pursuant to a Bill of Sale between Weimer and Richard Dean.

O.  Subject to Bankruptcy Court approval, the Parties desire to settle all claims by and between them (including, without limitation, the Stratus Lender Liability Claims) by Devco's purchase of Stratus from Weimer at the price and on the terms and conditions hereinafter set forth.

AGREEMENTS:

NOW, THEREFORE, in consideration of the foregoing Recitals, which are incorporated herein by reference and the covenants, agreements, and payments hereinafter set forth, the adequacy and sufficiency of which is acknowledged, the Parties hereby agree:

1.  <u>Devco Purchase of Stratus Membership Interests</u>. All membership interests in Stratus are owned solely by Weimer. By its execution hereof, within three (3) business days after the entry of the Bankruptcy Court's order approving this Settlement Agreement (the "Closing Date"), Devco agrees to purchase from Weimer 100% of the issued and outstanding membership interests in Stratus and any claims Weimer has against Stratus (collectively, the "Membership Interests") for the total purchase price of $685,000.00 (the "Purchase Price"), payable in good funds on the Closing Date. Provided, however, that on written notice (the "Extension Notice") by the Developing Equities Parties to the Stratus Parties no less than one (1) business day prior to the Closing Date, the Closing Date may be extended to the date set forth in the Extension Notice (the "Extended Closing Date); provided, however, that the Extended Closing Date shall be no later than forty-five (45) days after the entry of the Bankruptcy Court's order approving this Settlement Agreement (the "Outside Closing Date"). In the event of any such extension of the Closing Date, the Purchase Price shall increase at the rate of $560.00 per diem from the original Closing Date to the Extended Closing Date. In consideration of said payment, the Stratus Parties consent and agree to sell the Membership Interests to Devco for the aforesaid Purchase Price, and on the Closing Date will transfer same by execution and delivery of an Assignment and Bill of Sale in the form appended hereto as **Exhibit A**. In the event Devco fails to close its acquisition of the Straus Membership Interests as provided above, notwithstanding

Bankruptcy Court approval of this Settlement Agreement as contemplated by paragraph 5 below, in addition to all other remedies available at law or in equity, the Developing Equities Parties' releases of the Stratus Parties set forth below in paragraph 2 shall remain in full force and effect; Developing Equities shall withdraw its objection to Stratus' pending Motion for Relief from Stay and stipulate to the immediate entry of an order granting Stratus relief from the automatic bankruptcy stay; and Developing Equities shall also withdraw its Motion to employ Fuller & Co. as brokers to sell the Thornton Property and its presently pending proposed Chapter 11 Plan and Disclosure Statement.

2. <u>Release of Stratus Lender Liability Claims.</u> Subject to entry of the Bankruptcy Court's order approving this Settlement Agreement and the Stratus Parties' willingness and ability to close the sale of the Stratus Membership Interests to Devco as provided above in paragraph 1, by their execution hereof, the Developing Equities Parties, and each of them, for themselves, and on behalf of their respective affiliates, members, representatives, agents, attorneys, heirs, insurers hereby completely and generally release, remise, acquit and forever discharge the Stratus Parties and each of them, and their affiliates, members, representatives, agents, attorneys, heirs, insurers and assigns of and from any and all past and present claims, demands, obligations, actions, causes of action, rights, damages, expenses and requests for compensation or payment of any nature whatsoever, whether based on tort, contract, fiduciary duty, or any other legal theory of recovery, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, including, without limiting the generality of the foregoing, the Stratus Lender Liability Claims, that arose or existed on or before the execution of this Settlement Agreement by all parties hereto which the Developing Equities Parties ever jointly or individually had or now has or have against the Stratus Parties. The Developing Equities Parties do not, however, release any claims that arise by virtue of the Stratus Parties' promises, covenants and undertakings pursuant to the terms of this Settlement Agreement. Further, the Developing Equities Parties do not release any potential claims they may have against CCB.

3. <u>Release of Claims Against Kirkendall and Dismissal of Kirkendall Litigation.</u> Subject to entry of the Bankruptcy Court's order approving this Settlement Agreement and the closing of Devco's purchase of Stratus Membership Interests as provided above in paragraph 1, by their execution hereof, the Stratus Parties, and each of them, for themselves, and on behalf of their respective affiliates, members, representatives, agents, attorneys, heirs, insurers hereby completely and generally release, remise, acquit and forever discharge the Developing Equities Parties and each of them, and their affiliates, members, representatives, agents, attorneys, heirs, insurers and assigns of and from any and all past and present claims, demands, obligations, actions, causes of action, rights, damages, expenses and requests for compensation or payment of any nature whatsoever, whether based on tort, contract, fiduciary duty, or any other legal theory of recovery, whether known or unknown, whether suspected or unsuspected, whether liquidated or unliquidated, including any and all claims against the Developing Equities Parties that arose or existed on or before the execution of this Settlement Agreement by all parties hereto which the Stratus Parties ever jointly or individually had or now has or have against the Developing Equities Parties. The Stratus Parties do not, however, release any claims that arise by virtue of the Developing Equities' promises, covenants and undertakings pursuant to the terms of this Settlement Agreement. After Bankruptcy Court approval of this Agreement, at closing, the Stratus Parties shall tender a Stipulation to Dismiss the Kirkendall Litigation with Prejudice, and

a Notice Withdrawing Stratus' pending Motion for Relief from Stay and any filed objections pending in the Developing Equities bankruptcy case. In addition, within seven (7) days after the closing of Devco's purchase of Stratus Membership Interests, Stratus shall file the Stipulation to Dismiss the pending Kirkendall Litigation with Prejudice with the District Court for the District of Arapahoe County, Colorado, and file the Notice Withdrawing Stratus' pending Motion for Relief from Stay and any filed objections pending in the Bankruptcy Case.

4. **Payment of CCB-Stratus Loan.** Devco and the other Developing Equities Parties acknowledge and agree that upon the closing of this Settlement Agreement and Devco's purchase of the Membership Interests, that Devco will cause Stratus to pay the CCB-Stratus Loan according to its terms or on such other terms as Stratus and CCB (or its successor) may agree or on such other terms as may be imposed by Developing Equities' confirmed Chapter 11 Plan of Reorganization. Upon the closing of this Settlement Agreement, Devco and Stratus shall indemnify, defend and hold Weimer harmless from any loss, liability, expense or claim arising under the CCB-Stratus Loan.

5. **Bankruptcy Court Approval.** Promptly upon execution of this Settlement Agreement, Developing Equities shall move for, and diligently seek, the Bankruptcy Court's approval of same in the Bankruptcy Case. Immediately upon the closing of Devco's purchase of the Membership Interests from Weimer, James E. Brown & Assoc., P.C. shall move to withdraw as counsel for Stratus in the Bankruptcy Case. Contemporaneously with said Motion to Withdraw in the Bankruptcy Case, Stratus' pending motions and objections shall be withdrawn in the Bankruptcy Case.

6. **Representations and Warranties.** The Stratus Parties hereby represent and warrant to the Developing Equities Parties that to the best of the Stratus Parties' knowledge information and belief:

    i. Weimer is the sole Member of Stratus and owns the Membership Interests free of any lien, claim or encumbrance. Any and all interests in Stratus previously held by Richard Dean have been transferred and assigned to Weimer pursuant to a Bill of Sale between Weimer and Richard Dean. Weimer has the authority to enter into this agreement on behalf of Stratus.

    ii. The only material assets of Stratus are the Fraser Property, the Loans, and an interest reserve with CCB (or its successor) in the amount of $161,000.00 (which was paid by Stratus in May, 2011 -- present remaining interest reserve balance is approximately 8/31/11 $79,898.74). The only liabilities of Stratus are real estate taxes attributable to the Fraser Property and the obligations arising under CCB-Stratus Loan and the documents executed in connection therewith including, without limitation, Note Purchase Agreement exhibits thereto, Business Loan Agreement, Deeds of Trust (to encumber Fraser Property and Thornton Property upon Stratus' ownership of same), UCC Financing Statements, Letter Agreement, Assignment and Assumption Agreement, Collateral Assignment, Promissory Note and Addendum to Promissory Note (collectively, the "CCB-Stratus Loan Documents").

    iii. The Stratus Parties have not received notice from CCB or its successor asserting that the CCB-Stratus Loan is currently in default. As of the date executing this Settlement Agreement, the Stratus Parties represent that the CCB-Stratus Loan is in good

standing as between Stratus and CCB. The Stratus Parties make no representation or warranty as to the impact of the closing of this Settlement Agreement on the status of the CCB-Stratus Loan, however.

7. Miscellaneous.

    a. Counterparts. This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which taken together shall constitute one and the same instrument.

    b. Execution in Counterparts and Facsimile Delivery. Counterparts of this Agreement may be executed by facsimile signature, which shall be effective upon delivery of a copy of this Agreement bearing said facsimile signature.

    c. Governing Law. The terms and conditions hereof, and the subsequent performance hereunder, shall be construed and controlled by the laws of the State of Colorado.

    d. Headings for Convenience Only. The Section headings contained herein are only for the convenience of the Parties. The substance and provisions hereof control without regard to said headings.

    e. Entire Agreement - Alteration or Amendment. The entire agreement of the Parties is herein written and the Parties are not bound by any agreements, understandings, conditions, or inducements other than those expressly set forth and stipulated hereunder. No change, alternation, amendment, modification or waiver of any of the terms or provisions hereof shall be valid unless the same be in writing and signed by the Parties.

    f. Notices. Any notice, demand or request which may be permitted, required or desired to be given in connection herewith shall be in writing and directed to the Parties and their respective counsel at the respective addresses (or at such other addresses as a Party hereto may designate in writing) and shall be tendered by personal delivery or by facsimile transmission or be deposited in the U.S. mail, registered or certified, return receipt requested. Such notice, if forwarded by mail, shall be deemed effective seventy-two (72) hours after deposited in the U.S. mail, or if personally delivered, upon delivery. A registered mail or certified mail receipt will be prima facie evidence of the giving of such notice and the date thereof. If such notice is personally served, such notice shall be effective upon delivery or if such notice is sent by facsimile transmission, such notice shall be effective upon the completion of the transmission of the same (so long as the sender retains evidence of the recipient's receipt).

    g. Invalidity of Any Provision. If any condition or covenant herein contained is held to be invalid or void by any court of competent jurisdiction, the same shall be deemed severable from the remainder of the Agreement and shall in no way affect any other covenant or condition herein contained. If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, such provision shall be deemed valid to the extent of the scope or breadth permitted by law.

    h. Costs in the Event of Default. In the event any Party breaches its obligations hereunder, the non-defaulting Party(ies) shall be entitled to recover all costs of

enforcement hereof, including its reasonable attorneys fees and costs. In the event of any litigation between one or more Parties concerning this Agreement or the obligations arising hereunder, the court shall award attorneys fees and costs to the prevailing Party.

    j.  Binding Effect. This Agreement shall bind the Parties hereto, and their heirs, successors and assigns.

    k.  Other Acts and Documents. The Parties agree to undertake such other acts and execute and deliver such other documents as may be reasonably appropriate or necessary to effect the purpose and intent of this Agreement.

    l.  Preparation of Agreement. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared by counsel for one of the parties, it being recognized that Stratus, Weimer and Developing Equities have contributed substantially and materially to the preparation of this Settlement Agreement.

    m.  Bankruptcy Court Approval. The terms of this Settlement Agreement are conditioned upon entry of the Order of Approval by the Bankruptcy Court.

    n.  No Admission. This Agreement shall not be construed as an admission of liability on the part of any Party, but rather as a settlement of disputed claims, except as to the express admissions stated herein.

    o.  Time is of the Essence. Time is of the essence of this Settlement Agreement.

IN WITNESS WHEREOF we have set our hands and seals on the date appearing above, intending to be legally bound.

**STRATUS PARTIES:**

Stratus North Creek, LLC, a Colorado limited liability company

By: *[signature] Rex Weimer By Robert J. Weimer*
Rex Weimer, Manager *Per Power of Attorney*

*[signature] Rex Weimer By Robert Weimer*
Rex Weimer, Individually *Per Power of Attorney*

**DEVELOPING EQUITIES PARTIES:**

Developing Equities Group, LLC, a Colorado limited liability company

By: _____
Jeffrey L. Kirkendall, Manager

_____
Jeffrey L. Kirkendall, Individually

VNC Devco, a Colorado corporation

By: _____
Jeffrey L. Kirkendall, President